The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 This case was before us at the last term, upon motion to dismiss the writ of error.
 

 The suit, originally brought in the District Court for the Territory of Nevada, was an action of ejectment for an undivided interest in a mining claim.
 

 Upon trial, there was a verdict and judgment for the plaintiff. Subsequently, and in accordance with the statute of Nevada, a motion for a new trial was made, which was denied. An appeal was then taken to the Supreme Court of the Territory, which gave judgment affirming the judgment or' decree of the District Court.
 

 We were asked to dismiss the writ, upon the ground that this judgment affirmed only the order of the District Court denying the motion for new trial, and was, therefore, not reviewable here.
 

 
 *595
 
 On opening the record, however, it was apparent that the judgment of the appellate court was, in terms, an affirmance of the judgment or decree of the District Court, and that the only judgment of that court, properly so called, was the judgment for the defendants in the action of ejectment.
 

 A majority of the court declined to look beyond the plain import of the judgment of affirmance, and examine the record farther, in order to ascertain whether there was anything in it which would limit its effect to an affirmance of the order denying the motion for a new trial.
 

 The motion to dismiss was therefore overruled; but we then observed that, if the judgment of the Supreme Court was, in substance and effect, nothing more than such an affirmance, this court could not review it; and after stating the familiar rule, that this court will not revise the exercise of discretion by an inferior court, in granting or refusing new trials, we said further: “ The circumstance that the discretion was exercised under a peculiar statute, by an appellate court, and upon appeal, cannot withdraw the case from the operation of the principles which control this court.”
 

 The cause has now been regularly heard, and fully argued, and the first question for our consideration is that which was left undecided at the last term: “ "What is the true nature and effect of the judgment of the Territorial Supreme Court?”
 

 The record shows an action of ejectment by petition, answer, and replication — the form sanctioned by Territorial law — regularly 'prosecuted in a Territorial District Court, resulting in a- verdict and judgment for the defendants.
 

 The record shows, also, a motion for new trial overruled, and a notice by the plaintiffs to the defendants of an appeal, from the order overruling that motion, to the Supreme Court of the Territory, and a bond of the plaintiffs, on appeal, reciting the appeal as made from that order.
 

 Under the laws of Nevada, appeals are allowed from orders granting or refusing new trials; but it was necessary, before an appeal could be perfected, that a statement of the case, showing the grounds of appeal, should be filed. A
 
 *596
 
 statement which had been used on the motion for new trial was accordingly filed, under a stipulation signed by both parties, which recited the notice of appeal as an appeal from the overruling order.
 

 There is no paper in the record which indicates that either party understood that anything was before the appellate court except that order. Nothing else, as it seems, was intended to be brought before it by the appellants, and nothing else was understood to be by the appellees.
 

 If, then, the decision of that court is anything more than an affirmance of the order of the District Court, it is not what was expected by either party. It must not, therefore, be held to be more, unless the principles of legal construction clearly require it.
 

 Its terms, indeed, import an affirmance of the original judgment; but are they incompatible with a more limited sense ? The decision is loosely and inaccurately expressed. It purports to affirm a judgment and decree; but there was no decree, in any proper sense of the word, in the District Court. The words “judgment and decree” must, therefore, have been used as equivalents; and “judgment” in such a connection, may well have been regarded as the equivalent of “ decisipn or order.”
 

 It is probable,, we think, that the court intended that its judgment should be understood as a simple affirmance of the order below. And such seems to have been the undex*-standing of the appellants; for, in their prayer for a citation, on appeal to this court, they describe their “ appeal” to the Supreme Court of the Territory as “ taken for the reversal of the order,” in the District Court, and state that judgment was given “ affirming the order.” We impose, then, no impossible, or even unnatural sense ou the terms of the judgment, especially when considered in connection with the whole record, when we hold it, as we clo, to be nothing else than an affirmance of the order overruling the motion for new trial.
 

 But, it was argued at bar, with ingenious ability, that this judgment, if admitted to be merely an affirmance of the
 
 *597
 
 order of the District Court, was, nevertbeless, a final judgment, subject to review, on a writ of error, by this court. It was insisted, that under the peculiar legislation of Nevada, an appeal from an order denying a motion for a new trial, carried the original judgment and the whole cause before the appellate court, and that the decision, upon appeal, operated as a judgment, reversing or affirming the judgment below.
 

 But we do not so understand that legislation. The statutes of Nevada directed the judgment to be entered within twenty-four hours after verdict, unless there was a stay of. proceeding; and the direction of the statutes was observed in this case. But those statutes also provided for a motion for new trial after j udgmeut; and the effect of granting the motion was to vacate the judgment and .verdict, as in the ordinary practice it would vacate the verdict only, and so prevent the entry of j udgmeut. With this exception, the proceeding, on motion for new trial, in the court of original jurisdiction, was not distinguishable, in any important respect, from the like proceeding in the District and Circuit Courts of the Bnited States. There was, however, another peculiarity in respect to the finality of the proceeding. In the latter courts, the decision upon such a motion is without appeal. In the District Court of Nevada, an appeal might be taken to the Supreme Court; and, as we have seen, in case of such appeal, a statement, showing the grounds of it, must be filed, in order to perfect the proceeding.
 

 But there is nothing in the statutes which gives, in terms, any other or different effect to the reversing or affirming order of the appellate court, than would attend' the allowance or denial of the motion in the inferior court. Nor is there anything in the statutes which seems intended to give by implication any such other or different effect. On the contrary, the statutes provide for the ordinary mode of reversing the judgments of inferior courts, by appellate tribunals, upon writs of error; which would hardly have been done, if it was intended to give the same effect to appeals from decisions upon motions for new trials.
 

 
 *598
 
 Decisions on sucli motions, by the District Courts, were required to be made upon such grounds of law and facts as the case might furnish; and upon like grounds were the decisions of the Supreme Court, upon appeal, required to be made. We cannot doubt that the decision of the District Court, in such a case, was the exercise of a discretion not reviewable in the Territorial Supreme Court, except under an express statute of the Territory. And we are obliged to think that the decision of the appellate court was equally an exercise of discretion upon the law and the facts, and not reviewable here in the absence of any act of Congress authorizing appeals in such cases.
 

 This view of the preliminary question makes it unnecessary to examine the other important points in the case, which have been so ably and exhaustively discussed by counsel. We think the judgment of the Supreme Territorial Court only an order affirming the order of the District Court denying a motion for new trial, and that it is therefore not reviewable here on error.
 

 WRIT DISMISSED.