*Patton* and *Urmy*, for appellant.

━━●◄ ─────

## STEVENS *v.* SOLID MULDOON PRINTING CO.

*(Supreme Court of Colorado, December Term, 1883—Error to the District Court of Ouray County.)*

1. JUDGMENT—FORM OF. A strict compliance with forms is not essential to the entry of judgments; yet to constitute a final judgment the record must not only indicate that an adjudication took place, but the entry must have been intended as the entry of a judgment. "The Court having heard the same, the motion was granted and the action dismissed at plaintiff's costs," is not a judgment.

2. SAME—APPEAL. In such case, there being no final judgment either to affirm or reverse, the writ of error must be dismissed.

*Per Curiam.* The record in this case fails to disclose anything which by the most liberal interpretation can be termed a final judgment. The nearest approach thereto is the following language, viz: "The Court having heard the same this motion was granted and the action dismissed at plaintiff's costs." This is a mere declaration that the action was dismissed at the

plaintiff's costs; it does not profess to be a judgment, neither does it appear, therefrom, that it was intended to be such. "A strict compliance with forms is not essential in the entry of judgments, yet to constitute a final judgment the record must not only indicate that an adjudication took place, but the entry must have been intended as an entry of judgment." *Alvord et al.* v. *McGaughey*, 5 Colo., 244.

There being no final judgment to either affirm or reverse, the writ of error must be dismissed.        *Writ dismissed.*

*Thomas George*, for plaintiff in error.

*Markham & Patterson, W. Harrison* and *F. C. Goudy*, for defendant in error.