[No. 2190.]

(*In re* Assignment of the Peoples Savings Bank.)

TOLLES ET AL. v. SPENCER, ASSIGNEE.

**Appellate Practice—Final Judgments—Assignment Proceedings.**

An order in an assignment proceeding denying a motion of attorneys selected by a majority of the creditors to represent the creditors of the estate, to have their appointment made a matter of record and the assignee instructed to recognize them as attorneys for the estate and to give them all business where an attorney's services were needed in said assignment proceeding, was not such final judgment as may be reviewed by the court of appeals either upon appeal or writ of error.

*Appeal from the District Court of Arapahoe County.*

Messrs. TOLLES & COBBEY, *pro se.*

Mr. J. H. BROWN and Mr. H. M. ORAHOOD, for appellee.

WILSON, P. J.

The appellants presented to the district court having jurisdiction of the proceedings in the matter of assignment of The Peoples Savings Bank, what

was termed a petition, in which they set forth that a majority in number and value of all the creditors of the insolvent estate who had proven their claims had in writing appointed the petitioners as their attorneys, and prayed that such appointment should "be made a matter of record in said assignment, and the assignee be instructed to recognize them as the attorneys for said estate, and give them all business where an attorney's services are needed in said assignment proceeding." The petition was denied, and from this ruling petitioners appealed to this court.

The court of appeals is a statutory court. It has only the jurisdiction which the statute expressly gives it, and that is "to review the final judgments of inferior courts of record in all civil cases and in all criminal cases not capital."—3 Mills' Ann. Stats., sec. 1002d; Laws 1899, p. 172, sec. 4. The code in prescribing rules for its own construction provides that "the word judgment means all final orders, decrees and determinations in an action; also, all orders upon which execution may issue." In *Flint v. Powell,* 10 Colo. App. 69, it was said, "A final judgment as it has been defined by the courts is an adjudication which shall completely settle, end, and determine the rights of the parties. * * * We are quite unable to see that what are called in the arguments, assignment proceedings, are a suit, action or a proceeding in the legal definition of any of those terms, and that the interlocutory orders which the court may make therein, have, except under peculiar circumstances, the form and effect of final judgments."

Our supreme court has said, "While a strict compliance with forms is not essential in the entry of judgments, yet, to constitute a final judgment the record must not only indicate that an adjudication took place, but the entry must have been intended as

the entry of a judgment. This intention must be. fairly deducible from the language employed in the entry. Thus tested, a final judgment will show, in intelligible language, a determination of the rights of the parties to the action, what relief has been granted, if any, or that the defendant has been dismissed without day.''—*Dusing v. Nelson*, 7 Colo. 187; *Stevens v. Printing Co.*, 7 Colo. 86.

The so-called petition of appellants was in effect simply a motion. But whatever it may be called, it is clearly apparent that the ruling of the court possesses nothing of the elements of a final judgment. It decreed nothing against appellants, not even the payment of costs. There was nothing in the nature of a finality about it, because it was no bar whatever to any subsequent renewal of the petition or motion, and to the granting of the relief prayed for by appellants if it was proper and within the power of the court. It did not finally determine any rights of the appellants.

For the reason given, we think this court has no jurisdiction to review the ruling of the court in question, either upon appeal, or on error, and the appeal must therefore be dismissed. *Appeal dismissed.*