## ELLINWOOD v. BENNION et al.

No. 4739.   Decided March 9, 1929.   (276 P. 159.)

*Sam Cline,* of Milford, for respondent.

*Tangren & Crafts,* of Delta, for appellants.

STRAUP, J.

Plaintiff brought this action to recover damages for an alleged failure of the defendants to deliver cattle to the plaintiff in accordance wtih a contract entered into between them. The defendants pleaded a denial of the breach and counterclaimed for damages alleged to have been sustained by them on account of a shortage in the weight of cattle theretofore sold and delivered to the plaintiff. The case was tried to a jury, who rendered a verdict of no cause of action on the complaint and no cause of action on the counterclaim. The defendants prosecute this appeal. No appeal is taken by the plaintiff.

A motion is made by the plaintiff to dismiss the appeal

on the ground that no judgment was rendered or entered on the verdict and that what is denominated the judgment appealed from is not a judgment but at most a mere order for a judgment. Our statute (section 6861, Comp. Laws Utah 1917) provides that, when trial by jury is had, judgment must be entered by the clerk in conformity to the verdict within 24 hours after the rendition of the verdict. By section 6865, Comp. Laws Utah 1917, as amended by Laws Utah 1925, p. 198, it is provided that the clerk must keep, with the records of the court, a judgment book in which all judgments and findings of fact shall be entered, and that a judgment shall be deemed entered for all purposes except the creation of a lien on real property, when it is signed by the judge and filed with the clerk. Section 6867, Comp. Laws Utah 1917, as amended by Laws Utah 1925, p. 112, provides that immediately after entering the judgment the clerk must attach together and file the following papers which constitute the judgment roll, among others, the pleadings, copy of the verdict, and a copy of the judgment. By section 6868, Comp. Laws Utah 1917, it is provided that immediately after filing the judgment roll the clerk must make the proper entries of the judgment under appropriate heads in the docket kept by him, which is designated the "judgment docket."

What is here denominated the judgment appealed from is:

"(Title of Court and Cause.)
"Judgment on Verdict.

"Whereas, on the 29 day of October, 1927, a jury regularly and duly impaneled according to law, after hearing the evidence offered on behalf of the plaintiff and on behalf of the defendants and after having been fully advised as to the law in the case and having heard the arguments of the respective counsel and thereupon returned to the court its verdict for the plaintiff on the plaintiff's cause 'No cause of Action', and its verdict for the Defendants on Defendants' counterclaim 'No Cause of action': each party to pay his own costs.

"It further appearing to the court that no judgment in accordance with said verdict has heretofore been entered and docketed, it is therefore hereby ordered that the foregoing judgment in said case

be entered and docketed by the Clerk of this Court as of the——day of October, 1927.

"Dated at Chambers, Nephi, Utah, this 17 day of February, 1928.

"District Court of Millard County, Utah. By Thos. H. Burton, Judge."

That was filed in the clerk's office the next day. While the document is designated "Judgment on verdict," yet it is no more than an order for a judgment, or an order directing the clerk to enter and docket a judgment nunc pro tunc. It generally is held that an order for a judgment is itself not a judgment and that an appeal does not lie from it as a final judgment. 3 C. J. 1190; *Joint School Dist. No. 7* v. *Kemen,* 68 Wis. 246, 32 N. W. 42; *Prothero* v. *Superior Court,* 196 Cal. 439, 238 P. 357; *Preston* v. *Hearst,* 54 Cal. 595; *Bruce* v. *Ackroyd,* 95 Conn. 167, 110 A. 835; *Stevens* v. *Solid, etc., Co.,* 7 Colo. 86, 1 P. 904. And it has been held here as elsewhere that an appeal will not lie until judgment has been entered in the proper record book, in the judgment book. *Yusky* v. *Chief Consol. Min. Co.,* 65 Utah 269, 236 P. 452; *Lukich* v. *Utah Const. Co.,* 46 Utah, 317, 150 P. 298. Nor may it be said that, because of the Laws of 1925, p. 198, the judgment here was entered when it was signed by the judge and filed wtih the clerk. As heretofore shown, when trial is had by jury, the judge or court does not render or sign a judgment, but judgment must be entered by the clerk in conformity to the verdict. In a case tried to the court, and perhaps in some other instances, there is a distinction between the rendition of a judgment and the entry of it, where the one is a judicial act and the other a ministerial act. In such case the rendition of the judgment precedes and is an essential prerequisite to entry. Such undoubtedly is what is meant by the language that the judgment shall be deemed entered when it is "signed by the judge and filed with the clerk." But that, as we think, has no application to a case tried to a jury and a verdict rendered by it. In such case there is no signing of a judgment by the judge or court and none con-

templated or required by the statute, and no rendition of the judgment distinct from the entry of it, for in such case the clerk, without previous action or direction of the judge or court, is required to enter judgment in conformity to the verdict, and which in effect is simultaneously rendered and entered by the clerk and comes into existence and becomes effectual, not by any rendition or signing of the judgment by the judge or court, but by its entry by the clerk alone. *Old Settlers' Inv. Co.* v. *White*, 158 Cal. 236, 110 P. 922.

In the next place, what the judge or court here signed, and what was filed by the clerk, in effect was not a judgment. That the document which was signed ■■■ and filed was denominated a "judgment on verdict" is of no controlling force. The more important question is, Is it in effect a judgment and is it final? *Sparrow* v. *Strong*, 4 Wall. 584, 18 L. Ed. 410. No particular form or words is essential to constitute a judgment, provided they are such as to indicate with reasonable certainty a final determination of the rights of the parties and the relief granted or denied. In order that the document be a judgment, it, among other things, must be sufficiently definite and certain to be susceptible of enforcement. It must specify the relief granted or denied or other determination of the action and a description of the parties for and against whom the judgment is rendered. As said in *Robinson* v. *Salt Lake City*, 37 Utah 520, 109 P. 817, it must at least state what the prevailing party shall receive and what the losing party is required to do, pay, or discharge, and adjudicate and dispose the matters in controversy. Here the so-called judgment on verdict is, first, a mere recital of the kind of verdict rendered by the jury. That is followed by a recital that no judgment in accordance with the verdict had been entered or docketed. Then it is ordered that "the foregoing judgment in said case be entered and docketed by the clerk" nunc pro tunc. What "foregoing judgment"? We do not see anything to which that phrase may apply except the verdict itself, which of course cannot be regarded

as a judgment. *Kourbetis* v. *Nat. Copper Bank* (Utah) 264 P. 724. The document, the so-called judgment, does not determine or adjudicate anything, nor does it even attempt to do so. It does not specify any relief granted or denied, nor does it determine any of the rights of the parties. It does not order, adjudge, or decree anything. It has not even the first essential requisite of a judgment. So, had what is here denominated "Judgment on Verdict" been entered in the judgment book or in the judgment docket, still the case would stand without a judgment terminating the litigation between the parties or disposing of the case on merits. In such respect it may here be said of the so-called judgment as was said of the denominated judgment in *Kourbetis* v. *National Copper Bank,* supra :

"It adds nothing whatsoever to the verdict of the jury, nor does it settle the controversy between the plaintiff and defendant bank. Neither party is awarded any judgment against the other, and nothing is ordered, adjudged, or decreed."

The conclusion is thus inevitable that the appeal must be dismissed and the cause remanded to the district court with leave to either party to cause to be entered a proper judgment in conformity to the verdict. Such is the order. Costs to the respondent.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.