272 P.2d 171

JOHNSON et ux.

v.

PEOPLES FINANCE & THRIFT CO. et al.

No. 8024.

Supreme Court of Utah.

July 9, 1954.

McCullough, Boyce & McCullough, Salt Lake City, for appellants.

F. Robert Bayle, David H. Bybee, Grant MacFarlane, Salt Lake City, for respondents.

VAN COTT, District Judge.

Action to quiet title to real property growing out of a boundary dispute between the appellants, plaintiffs below, and the defendants Francis S. Johnson and Banie W. Johnson, his wife; Andrew Reid and Mary Reid, his wife; and A. R. Kartchner and Ada Kartchner, his wife, all of whom are owners of adjoining tracts of land in Salt Lake County, Utah. The defendant Ebba E. Finlayson is purchasing from the plaintiffs under a uniform real estate contract the land to which they sought to have their title quieted. The defendant Peoples Finance and Thrift Company disclaimed any interest in the property involved. Several other defendants who were served with process made no appearance and their default was entered by the lower court.

The case came on for a pre-trial conference in the court below on May 23, 1952. At the close of the conference the parties through their respective counsel stipulated to settle the case upon certain terms and conditions. Counsel for the plaintiffs (not

the same counsel who represents them in this court) stated those terms and conditions for the record: There was to be an exchange of quitclaim deeds between the parties to the end that each party would obtain clear title to the property actually within his fence lines. Because this would result in a reduction in the acreage of the lands being purchased by Mrs. Finlayson the plaintiffs agreed to reduce the purchase price to be paid by her by $1,000 and to enter into a new contract with her in which the description of the property to be sold would be corrected to comport with the property actually lying within the plaintiffs' fence lines. Plaintiffs also agreed to presently convey certain property to her. At the conclusion of the statement of the terms and conditions of the stipulation, the lower court asked: "Then shall I just hold this case until you have made those transfers and then you will join in petitions to dismiss?" All parties gave their assent.

The parties thereafter failed to perform the terms of the stipulation. We are not apprised of the reason for the failure. Finally, over eight months later, counsel for the defendants Reid filed with the court for his signature a judgment which purportedly embodied the terms of the stipulation. Plaintiffs filed written objections to the proposed judgment. At a hearing held on the matter on February 16, 1953, the parties stipulated additional terms for the settlement of the case and the court did not sign the proposed judgment. This apparently did not solve the problem, however, for a few weeks later, on March 7, 1953, the plaintiffs moved the court to set aside the stipulation made at the pre-trial conference on May 23, 1952, and requested the court to set the case down for trial. The motion was based upon the ground that the "stipulation was entered into improvidently, inadvertently and mistakenly and on the grounds that the enforcement thereof would work an injustice and that said stipulation was entered into under a mistake of fact which if enforced will amount to constructive fraud against the plaintiffs." In support of their motion, the plaintiffs filed an affidavit which set out specifically the matters about which they claimed they were mistaken at the time of the pre-trial conference. The court denied plaintiffs' motion and on March 26, 1953, he signed a judgment which purportedly embodied the terms of the stipulation made at the pre-trial conference on May 23, 1952, and the further terms stipulated to at the hearing on February 16, 1953. The plaintiffs bring this appeal contending that the judgment entered below does not comport with the terms of the stipulations: and that the lower court abused its discretion in denying their motion to set aside the stipulation entered into at the close of the pre-trial conference on May 23, 1952. The plaintiffs argue that it was never contemplated or agreed by the parties that the stipulations would be the basis for any judgment except a judgment dismissing the case. They refer us to the statement made by the court at the close of the pre-trial confer-

ence, to which all parties assented, viz. that he would hold the case until the parties had made their conveyances and that he would then dismiss the case upon their joining in a petition to that effect. We agree with the plaintiffs that obviously such was the intention of the parties and the court at that time. However, when the parties failed to perform in accordance with their stipulations, the court was not powerless to require them to abide by their agreement. It would indeed be a serious reflection upon our system of jurisprudence if parties could stipulate an agreement of settlement but refuse with impunity from performing. Courts are not impotent when one or more parties to a stipulation becomes recalcitrant. Ten months expired between the time the stipulation was entered into on May 23, 1952, and the time the judgment was entered. During this period of time the parties had failed to perform. We think the trial court took the proper course when he entered judgment embodying the terms of the stipulation.

█ The plaintiffs further argue that the judgment rendered by the lower court does not comport with the terms of the stipulations. In the main, the plaintiffs object to the judgment on the ground that the property which they are therein ordered to convey or is ordered to be conveyed to them by other parties by quitclaim deeds is not properly described in that it does not accurately follow the fence lines. There being no evidence before us in support of the objections, we have no way of determining whether they are meritorious. Judgments of courts are presumed to be correct, if nothing in the record appears to the contrary. Burton v. Zions Co-op. Mercantile Institution, Utah, 249 P.2d 514, and authorities cited therein. The appellants have not affirmatively shown error and all doubts will be resolved in favor of the judgment. The trial court considered plaintiffs' objections and found them wanting in bases. In view of the state of the record, we must assume the judgment is supported by the stipulations.

█ The last contention of the plaintiffs is that the lower court abused its discretion in denying their motion to vacate the stipulation entered into between the parties at the close of the pre-trial conference on May 23, 1952. The motion to vacate was made on the ground that the stipulation was entered into improvidently, inadvertently and mistakenly and on the ground that the enforcement thereof would work an injustice and that said stipulation was entered into under a mistake of fact which if enforced will amount to a constructive fraud against the plaintiffs. A hearing on the motion was held by the court on March 12, 1953. Again we have no transcript of the evidence adduced at that hearing, if indeed, any evidence was presented at all, and we do not know the basis for the trial court's denial of the motion. The record contains only an affidavit made by the plaintiffs as to the specific matters as to which they claimed they were mistaken. No useful purpose

250

would be served by our discussing those matters here. Even if we were to assume that the facts alleged in the plaintiffs' affidavit are true, the trial court would have been within its bounds of discretion in denying the motion to vacate in view of the fact that the motion was not made until over nine months after the stipulation was entered into. Applications for relief from stipulations must be seasonably made. 50 Am.Jur. 613, 614. We cannot say as a matter of law that plaintiffs were entitled to relief after a period of that duration, particularly since the record does not affirmatively show that the other parties to the suit had not acted in reliance upon the stipulation and that the vacating of the stipulation would not be unfair to them.

In view of the state of the record, we must affirm the judgment. However, if in fact the tracts of property described in the judgment which are to be conveyed by and to the several parties are not properly described, we direct the trial court to correct the descriptions so as to comply with the stipulation of the parties. Costs to the respondents.

McDONOUGH, C. J., and WADE and HENRIOD, JJ., concur.

CROCKETT, J., having disqualified himself does not participate herein.

WORTHEN, J., not participating.