**Ted CANNON, Salt Lake County Attorney, Plaintiff and Respondent,**

v.

**Larry R. KELLER, Judge of the Fifth Circuit Court, and Thomas Ossana, Defendants and Appellants.**

No. 18441.

Supreme Court of Utah.

Oct. 25, 1984.

David L. Wilkinson, Atty. Gen., Craig Barlow, Asst. Atty. Gen., John D. O'Con-

nell, Salt Lake City, for defendants and appellants.

Michael Christensen, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Upon motion of the defendant-petitioner, Judge Larry R. Keller of the Fifth Circuit Court ordered the State to disclose the identity of a witness and the details of a criminal transaction the circuit court found to be material to a pending criminal prosecution. The State petitioned the district court for an extraordinary writ to void the discovery order, which was granted. The petitioner appeals from the district court's ruling[1] granting the writ. We reverse.

In the criminal prosecution pending in the circuit court, the county attorney filed an information charging the appellant in this case with possession with intent to distribute a controlled substance. The probable cause statement contained in the charging information, in addition to alleging possession of cocaine on October 17, 1980, stated: "On October 15, 1980, defendant had made a sale to a confidential informant." Appellant made a motion in the circuit court for return of a large sum of money that had been seized on October 17, 1980, and the deputy county attorney persuaded Judge Keller that the money was material evidence relating to the October 15th sale to the "confidential informant." Appellant then filed a discovery motion, requesting details of the October 15th alleged sale of cocaine, including the identity of the informant. The deputy county attorney argued that the identity of the "confidential informant" was privileged.

The circuit court ordered the particulars of the October 15th sale to be furnished to appellant and, in its written findings and order, made the following findings:

1. The State has alleged that the sale of cocaine by the defendant to a confidential informant on October 15, 1980, is relevant to the charge before the Court by its allegations in the probable cause statement of the Information, and by its representation in resistance to the defendant's Motion for Return of Property, that all currency seized from the defendant was evidence of the crime charged because it included marked currency used by the confidential informant to purchase the cocaine on October 15, 1980.

2. Good cause has been shown that the information sought in the defendant's Motion for Discovery should be made available to the defendant in order for the defendant to adequately prepare his defense.

3. No evidence has been produced to show the extent, if any, of harm to the public interests or to the interests of Government which would be caused by the disclosure of the information sought.

4. The "confidential informant" is not a person who has merely furnished information disclosing a violation of law, but, according to the allegations of the State, is a person who participated directly in a transaction which the State has alleged is relevant to the issue of guilt or innocence of the offense charged.

5. Disclosure of the information sought, including the identity of the "confidential informant" alleged to have made the purchase on October 15, 1980, is essential to assure a fair determination of the issues raised by the charge in the Information.

The county attorney then petitioned the district court for an extraordinary writ,

1. The appeal has actually been taken from a "Memorandum Decision" signed by the court and ordering as follows: "Writ of Mandamus will issue." Although not designated an "Order" or "Judgment," the ruling specifies with certainty a final determination of the rights of the parties and is susceptible of enforcement. Further, it orders the issuance of a writ and is clear as to the party against whom it is issued. We

therefore have jurisdiction over this appeal, it being from a final judgment or order. *See Ellinwood v. Bennion,* 73 Utah 563, 567, 276 P. 159, 160 (1929). *See generally Attorney General v. Pomeroy,* 93 Utah 426, 446–56, 73 P.2d 1277, 1287–91 (1937) (reviewing the various opinions of this Court determining when a judgment or order is final).

obtaining an order staying all proceedings in the circuit court and seeking to void the disclosure order of the circuit court. The memorandum decision of the district court set forth the reasoning of the court in granting the writ as follows:

Plaintiff/Petitioner seeks an Extraordinary Writ enjoining the defendants/respondents from ordering the discovery of the identity of a confidential informant. Rule 36, U.R.E., provides in part: "A witness has a privilege to refuse to disclose the identity of a person who has furnished information ..., *unless the judge finds* that (a) ... or (b) disclosure of his identity is essential to assure a fair determination of the issues." (Emphasis added).

An examination of the "Findings and Order" in this case fails to "find" any facts upon which to base the exception under Rule 36. The statements are only conclusions. Absent proper "Findings" a judgment cannot stand, *Anderson v. Utah County,* 1979, 589 P.2d 1214; *LeGrand Johnson v. Peterson,* 18 Utah 2d 260, 420 P.2d 615.

Writ of Mandamus will issue.

The parties agree on appeal that the issue is whether the circuit court's order could properly be voided for the reason set forth in the memorandum decision (inadequate findings of facts) or for the alternative reasons that the circuit court lacked jurisdiction to enter this type of discovery order or that it abused its discretion in ordering disclosure in this instance.

■ The State claims here that it was necessary for the circuit court to make

factual findings that would show *how* disclosure of the informer's identity is essential to assure a fair determination of the issues. Rule 12(c), Utah R.Crim.P., on which the State relies in part, requires only that "[w]here factual issues are involved in determining a motion, the court shall state its findings on the record." Findings numbered 1, 3, 4 and 5, set forth above, certainly meet that requirement, as well as the requirement of Rule 36, Utah R.Evid.,[2] that an informant's identity is privileged "unless the judge finds that ... disclosure of his identity is essential to assure a fair determination of the issues." Judge Keller's finding No. 5 is explicit on that question, and it is further apparent from his findings that (1) the State made *no* factual showing respecting harm resulting from disclosure, and (2) the State, in its arguments opposing defendant's motion for return of the large sum of money seized prior to his arrest, represented that the money would be needed at trial because it included marked currency used by the "confidential informant" to purchase cocaine. It seems obvious to us, and it was apparently obvious to Judge Keller, that the marked currency and the details of the alleged cocaine purchase accomplished by the informant were going to have to be proved by the informant's testimony at trial. Therefore, the State's oral representations, in and of themselves, respecting the need to keep the money, provided an adequate factual predicate for disclosure under Rule 36.[3] Furthermore, we are not aware of and the State has not cited us to any authority requiring separate and specific findings of

---

**2.** Utah R.Evid. 36, U.C.A., 1953 (Replacement Vol. 1977). The Utah Rules of Evidence were amended effective September 1, 1983, subsequent to this hearing, and the provisions of Rule 36 were deleted.

**3.** The State suggested in its argument on appeal that it wants to use evidence of the money alone, not the details of the sale, on the issue of intent to distribute, since the money was found in close proximity to the cocaine seized. If this is so, the condition of the bills as marked would apparently be irrelevant, and the amount and location of the money could easily be proved by testimony of the seizing officers. The State, if it

in fact does not intend to use testimony from its informant at trial, may choose simply to comply with defendant's request to return the money, thereby removing the factual predicate for the disclosure order. Although the money may be subject to statutory forfeiture provisions, no attempt has been made in the four years this case has been pending to implement forfeiture proceedings, and the State is not otherwise entitled to keep the money unless it is "material evidence," which it apparently cannot be, absent the testimony of the confidential informant to explain its significance.

fact on a pretrial discovery motion. We therefore hold that the district court erred in overturning the circuit court order on the ground that the findings supporting it were inadequate.

 The question remains and has been urged by the State on appeal as to whether the circuit court's order was made without jurisdiction or was an abuse of discretion. In its argument on appeal, the State conceded that jurisdiction exists generally in the circuit courts to rule on discovery motions prior to preliminary hearings. It claims, however, that an order requiring the disclosure of a confidential informant's identity is in effect a ruling on a "suppression of evidence" question, because the defendant might use the information to attack the probable cause statement in the underlying warrant. No such attack has been launched here, and that issue was clearly not the motivation for defendant's discovery request. The State's attenuated argument is unpersuasive, and we hold that the circuit court had jurisdiction to enter its order.

Finally, the State argues that Judge Keller abused his discretion under Rule 16(a)(5), Utah R.Crim.P., "which allows the court to order discovery of evidence 'which the court determines on good cause shown should be made available to the defendant in order for the defendant to adequately prepare his defense.'" The State's position is that the defendant failed to offer any evidence that disclosure was necessary for the preparation of the defense. However, as discussed above, the State itself provided "good cause" by representing that it needed to keep defendant's money to use at trial, when the only logical use would of necessity entail proof of the details of the transaction in which the informant was involved. The State takes an inconsistent position in its brief on appeal, explaining that the informant's identity is not essential because the prosecution will not have to show a sale has been made. We agree with that proposition, but reiterate that the motion for discovery was only granted because of the State's position in resisting the defendant's earlier motion for return of property. The circuit judge acted well within his discretion in ordering the State to disclose evidence that it had itself suggested would be used to prove guilt.

We reverse the ruling of the district court granting the writ of mandamus.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.