**John D. DOVE, Jr., Plaintiff and Respondent,**

v.

**Howard CUDE and Etta May Cude, his wife, Defendants and Appellants.**

**No. 19294.**

Supreme Court of Utah.

Nov. 19, 1985.

George E. Mangan, Roosevelt, for defendants and appellants.

JoAnn B. Stringham, Vernal, for plaintiff and respondent.

## MEMORANDUM OF DECISION

DURHAM, Justice:

The defendants in this case appeal from the action of the trial court granting plaintiff's motion to withdraw a stipulation.

**171**

Since the standard for permitting such a withdrawal was not met here, we reverse.

In May 1981, the plaintiff in this action filed a complaint alleging negligent use of irrigation water. The complaint and summons, which the plaintiff intended to be directed against defendants Cude, contained certain defects including the misspelling of defendants' names. The defendants did not respond to the initial pleadings based on the misspelling and a default judgment was ultimately entered against the Cudes. Following a series of motions by both parties, in March 1982, the trial court denied the Cudes' motion to set aside the default judgment. On April 26, 1982, plaintiff, through his counsel, signed and filed a stipulation agreeing to have the default judgment set aside and the case set for trial. According to defendants, the plaintiff entered into the stipulation after the defendants indicated their intent to appeal.

In September 1982, plaintiff filed a notice of withdrawal of stipulation, to which defendants objected. Plaintiff's counsel stated that there was confusion about the circumstances surrounding the stipulation and that an order to set aside the default had never been approved or filed.

�involved In May 1983, the following minute entry, signed by the trial judge, was recorded: "The court having reviewed the file in this matter hereby grants plaintiff's motion to withdraw the stipulation." Defendants appeal from that decision.[1]

▪ We have previously stated that "[p]arties are bound by their stipulations unless relieved therefrom by the court, which has the power to set aside a stipulation *entered into inadvertently or for justifiable cause.*" *First of Denver Mortgage Investers v. Zundel,* Utah, 600 P.2d 521, 527 (1979) (citations omitted) (emphasis added). It is unlikely that a stipulation signed by counsel and filed with the court was entered into inadvertently. Further, although the trial court has certain discretion in providing relief from a stipulation, if timely requested, *see Klein v. Klein,* Utah, 544 P.2d 472, 476 (1975), "[o]rdinarily, courts are bound by stipulations between parties." *Zundel,* 600 P.2d at 527 (citations omitted). In this case, there is no indication that the trial court found as a matter of fact that plaintiff did not understand or agree to the stipulation; nor did the trial court ground its decision to permit withdrawal of the stipulation on any legal or equitable basis. *Klein,* 544 P.2d at 476.[2] In the absence of any articulated "justifiable cause," *Zundel,* 600 P.2d at 527, we must reverse the withdrawal of the stipulation.

Reversed. Costs to appellant.

HALL, C.J., and STEWART, HOWE, and ZIMMERMAN, JJ., concur.

---

1. A signed minute entry may be a final order for purposes of appeal. *See McNair v. Hayward,* Utah, 666 P.2d 321, 325 n. 6 (1983). By permitting withdrawal of the stipulation, the trial court determined the rights of the parties in this case. In *Cannon v. Keller,* Utah, 692 P.2d 740 (1984), we said, "Although not designated an 'Order' or 'Judgment,' the ruling specifies with certainty a final determination of the rights of the parties and is susceptible of enforcement." *Id.* at 741 n. 1. On that basis, this Court assumed jurisdiction over the appeal. Similarly, in this case the trial court's action constituted a resolution of the dispute by precluding a trial setting and reimposing the default judgment. We therefore have jurisdiction over this appeal.

2. Additionally, we note that plaintiff filed his notice of withdrawal five months after entering into the stipulation. In *Johnson v. Peoples Finance & Thrift Co.,* 2 Utah 2d 246, 272 P.2d 171 (1954), this Court found that the trial court was within its discretion in denying relief from a stipulation where the relief was requested nine months after the stipulation was entered into. The court stated that "[a]pplications for relief from stipulations must be seasonably made." *Id.* at 250, 272 P.2d at 173. Although we do not base our decision on the amount of time which elapsed between signing and notice of withdrawal, we are not convinced that a five-month period qualifies under the timeliness requirement of *Johnson.* *See also Klein,* 544 P.2d at 476 (withdrawal one day after stipulation in divorce action rejected where trial court considered decree just and reasonable).