**TRANSAMERICA CASH RESERVE, INC., a Maryland Corporation, and First National Bank of Boston, Plaintiffs,**

v.

**Darrell G. HAFEN; Transworld Securities, S.A., a Corporation, Does 1 through 100 inclusive; and Dixie Power and Water, Inc., Defendants.**

No. 20450.

Supreme Court of Utah.

Aug. 5, 1986.

Scott A. Gubler, St. George, for plaintiffs.

John L. Miles, MacArthur Wright, St. George, Darrell G. Hafen, Upland, Cal., for defendants.

PER CURIAM:

Defendants separately appeal a summary judgment award of $93,400 against them and in favor of plaintiffs. In the absence

of a final, appealable order, we dismiss the appeal for lack of jurisdiction. Utah R.App.P. 4(b).

An "Order Granting Summary Judgment" for plaintiffs and against defendants was signed and entered by the district court on December 3, 1984. Proposed findings of fact and conclusions of law were later prepared by plaintiffs' counsel and submitted to the court, but were filed unsigned. *See* Utah R.Civ.P. 52(a). Defendant Dixie Power and Water, Inc. (hereafter "Dixie"), filed objections and a motion to set aside or amend the order of summary judgment.[1] The motion to set aside or amend the order argued that the order was "contrary to the evidence, contrary to the law, and entered when genuine issues of fact remain for trial...." A memorandum of authorities was also filed in support of the arguments.

Without obtaining any resolution of its motion to amend, defendant Dixie filed an ineffective notice of appeal to this Court on December 28, 1984. Defendant Hafen also filed a separate notice of appeal. Thereafter, the action essentially lay dormant in the district court until July 1985 when, at plaintiffs' request for a ruling, that court entered an order "striking proposed findings of fact and conclusions of law," because the case had proceeded on appeal. No reference was made by the trial court to Dixie's motion to amend the judgment, and any ruling thereon cannot be implied in the language of the July order. Presently, the motion to amend remains unresolved below.

A notice of appeal filed before the disposition of a proper post-judgment motion is ineffective to confer jurisdiction upon this Court. *Bailey v. Sound Lab, Inc.*, 694 P.2d 1043 (Utah 1984); Utah R.App.P. 4(b); *accord U–M Investments v. Ray*, 658 P.2d 1186 (Utah 1982). Finality of a judgment is suspended upon timely filing of a post-judgment motion under Rule 4(b), and the time for appeal does not commence until final disposition of that motion. 694 P.2d at 1044; *State Bank of Beaver County v. Mortensen*, 66 Utah 290, 296, 241 P. 1055, 1057 (1925); J. Moore, 5A *Moore's Federal Practice* § 52.11[3], at 52–199 (1986); *cf. Whiting v. Clayton*, 617 P.2d 362, 365 (Utah 1980).

Dixie's objections to unsigned findings and conclusions were abortive and of no effect under Rule 4(a). Consequently, the subsequent order striking the unsigned findings was likewise ineffective to dispose of the motion to amend the summary judgment. Moreover, we do not consider the language of the order striking the proposed findings to have impliedly denied or granted the motion to amend. That motion must first be resolved by the trial court before any appeal may be taken by the parties.[2] It is apparent from the order striking the findings that the trial court declined to consider the record further because both parties had proceeded with an appeal, albeit invalid.

We dismiss defendants' appeals, sua sponte, and remand the case to the trial court for proper disposition of Dixie's motion to amend the judgment.

---

1. The document filed by Dixie, entitled "Objection to Findings of Fact and Conclusions of Law and Motion to Set Aside or Amend Order Granting Summary Judgment," includes objections to the proposed findings in addition to a motion to set aside or amend the order.

2. We note that defendant Hafen's motion for "reconsideration" was untimely and has no effect upon either the finality of the judgment or the running of time for any appeal. *Burgers v. Maiben*, 652 P.2d 1320 (Utah 1982).