Jeffery R. ANDERSON, Plaintiff
and Appellant,

v.

Fred C. SCHWENDIMAN, and the
Office of Driver License Services,
Defendant and Respondent.

No. 880516–CA.

Court of Appeals of Utah.

Nov. 18, 1988.

J. Franklin Allred, P.C., Salt Lake City, for plaintiff and appellant.

Mark E. Wainwright, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

Before GREENWOOD, DAVIDSON and BILLINGS, JJ.

---

**1000**

PER CURIAM:

This matter is before the Court on Appellant's Motion to Reinstate appeal. We deny the motion.

On January 22, 1988, this Court dismissed the appeal for lack of jurisdiction because the notice of appeal was filed prior to entry of an order disposing of a post-judgment motion pursuant to Utah R.Civ. Pro. 59(e) to alter or amend the judgment. Appellant subsequently obtained an order disposing of the post-judgment motion and now argues that R.Utah Ct.App. 4(c) authorizes reinstatement of the appeal because the original notice of appeal was filed after announcement of the decision but before entry of the signed order of the trial court. Appellant's argument is not supported by the clear language of R.Utah Ct.App. 4.

R.Utah Ct.App. 4(b) provides in relevant part:

If a timely motion under the Utah Rules of Civil Procedure is filed by any party in an action in which the Court of Appeals would have the power of direct review ... (3) under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.... A notice of appeal filed before the disposition of any of the above motions shall have no effect. *A new notice of appeal must be filed within the prescribed time measured from the entry of the order of the district court, juvenile court, or circuit court disposing of the motion as provided above.* (Emphasis added.)

R.Utah. Ct.App. 4(c) provides:

*Except as provided in Paragraph (b) of this rule,* a notice of appeal filed after the announcement of a decision, a judgment, or an order but before the entry of the judgment or order of the district court, juvenile court, or circuit court

shall be treated as filed after such entry and on the day thereof. (Emphasis added.)

Appellant argues that R.Utah Ct.App. 4(c) should apply where a notice of appeal is filed after the ruling on a motion to alter or amend a judgment has been announced, but before entry of an order disposing of the motion. This argument is contrary to the express language of R.Utah Ct.App. 4(c) excluding cases described in R.Utah Ct.App. 4(b). R.Utah Ct.App. 4(b) requires a new notice of appeal to be filed after *entry* of an order disposing of a post-judgment motion. Filing of a post-judgment motion of the types listed in R.Utah Ct. App. 4(b) suspends the finality of the judgment, and a notice of appeal filed prior to disposition of such a motion by entry of a signed order is not effective to confer jurisdiction on an appellate court. *See Bailey v. Sound Lab, Inc.,* 694 P.2d 1043 (Utah 1984); *Transamerica Cash Reserve, Inc. v. Hafen,* 723 P.2d 425 (Utah 1986) (Per Curiam). An order in a non-jury matter is entered when signed by the judge and filed with the clerk of the court. Utah R.Civ. Pro. 58A(b) and (c). The time for appeal in the present case began to run from the entry of the signed order disposing of appellant's motion to alter or amend the judgment. R.Utah Ct.App. 4(b). A notice of appeal filed prior to entry of such an order is premature and does not confer jurisdiction on this Court.

The motion to reinstate is denied.

All concur.