SWENSON ASSOCIATES ARCHITECTS, P.C., a Utah professional corporation, Plaintiff and Appellant,

v.

The STATE of Utah, By and Through the DIVISION OF FACILITIES CONSTRUCTION and Management of the Department of Administrative Services, and By and Through the Division of Archives and Records Service of the Department of Administrative Services, Defendant and Appellee.

Glen R. SWENSON, an individual, Plaintiff and Appellant,

v.

The STATE of Utah, By and Through the DIVISION OF FACILITIES CONSTRUCTION and Management of the Department of Administrative Services, and By and Through the Division of Archives and Records Service of the Department of Administrative Services, and By and Through the Office of the Utah State Attorney General, Defendant and Appellee.

No. 940039.

Supreme Court of Utah.

Dec. 22, 1994.

J. Kent Holland, Gordon J. Swenson, Salt Lake City, for plaintiffs.

Jan Graham, Atty. Gen., Leon A. Dever, Alan Bachman, Asst. Attys. Gen., for defendants.

Brian M. Barnard, John Pace, Joro Walker, Salt Lake City, for amicus Utah Civ. Rights & Liberties.

RUSSON, Justice:

Plaintiffs Swenson Associates Architects, P.C., and Glen R. Swenson (collectively "Swenson") appeal from the district court's order dismissing their complaint against defendant State of Utah. The underlying action stems from the State's denial of Swenson's requests for public records made pursuant to the Government Records Access and Management Act. Utah Code Ann. §§ 63-2-101 to -909. However, we do not reach the merits of the issues presented because the notice of appeal was not timely filed. Accordingly, we dismiss for lack of jurisdiction.

On November 16, 1993, the trial court stated in a memorandum decision that it was granting the State's motion to dismiss Swenson's complaint and directed the State to prepare an order reflecting the court's ruling. That order of dismissal was signed and entered by the trial court on December 22.

On November 18, 1993, before the order of dismissal was entered, Swenson moved to amend findings of fact and for a new trial pursuant to Utah Rules of Civil Procedure 52(b) and 59. On December 15, the trial court indicated in a signed minute entry that "the Court ... does deny the motions of the plaintiff to make findings of fact and to grant a new trial" and further stated that "[c]ounsel for the defendants is to prepare an Order showing that the Motions are denied. The Order should be submitted to this Court in accordance with the Code of Judicial Administration." On January 7, 1994, the trial court signed and entered the order, as submitted by defense counsel, denying Swenson's motion to amend findings of fact and for a new trial.

In the meantime, on January 3, 1994, Swenson filed its notice of appeal from the trial court's December 22 order dismissing its complaint. Swenson did not, however, file a new notice of appeal following the trial court's January 7 order denying its motion to amend findings of fact and for a new trial.

Utah Rule of Appellate Procedure 4(b) provides that when a motion is filed under Utah Rule of Civil Procedure 52(b) to amend or make additional findings of fact or under rule 59 for a new trial,

the time for appeal for all parties shall run *from the entry of the order* denying a new trial or granting or denying any other such motion.... A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured *from the entry of the order* of the trial court disposing of the motion as provided above.

Utah R.App.P. 4(b) (emphasis added).

Swenson, however, argues that pursuant to rule 4(c) of the Utah Rules of Appellate Procedure, a notice of appeal filed after the announcement of a decision but before entry of an order will be treated as filed on the date the order is actually entered. While rule 4(c) does provide for such treatment in a limited number of circumstances, Swenson ignores the crucial language of rule 4(c) which provides, "*Except as provided in paragraph (b) of this rule,* a notice of appeal filed after the announcement of a decision, judgment, or order but before the entry of the judgment or order of the trial court shall be treated as filed after such entry and on the day thereof." Utah R.App.P. 4(c) (emphasis added). As noted above, paragraph (b) explicitly provides that when a post-judgment motion has been filed pursuant to rule 52(b) or 59, a new notice of appeal must be filed after "the entry of the order of the trial court disposing of the motion[s]." Utah R.App.P. 4(b).

This court considered the proper time for appeal from a post-judgment motion in *Hume v. Small Claims Court,* 590 P.2d 309 (Utah 1979). In *Hume,* we stated that a timely rule 59 motion for a new trial suspends the time for appeal of a judgment and the "[t]ime for appeal does not begin to run again until the order granting or denying such a motion is entered." *Id.* at 311; *see also Transamerica Cash Reserve, Inc. v. Hafen,* 723 P.2d 425, 426 (Utah 1986) (per curiam) (holding that "[a] notice of appeal filed before the disposition of a proper post-

judgment motion is ineffective to confer jurisdiction upon this Court"); *accord Bailey v. Sound Lab, Inc.,* 694 P.2d 1043, 1044 (Utah 1984); *U–M Invs. v. Ray,* 658 P.2d 1186, 1186–87 (Utah 1982) (per curiam). Moreover, the court of appeals addressed a situation similar to the one presented here in *Anderson v. Schwendiman,* 764 P.2d 999 (Utah Ct.App.1988) (per curiam). In *Anderson,* the court held:

> [Utah Rule of Appellate Procedure 4(b)] requires a new notice of appeal to be filed after *entry* of an order disposing of a post-judgment motion. Filing of a post-judgment motion of the types listed in [rule 4(b)] suspends the finality of the judgment, and a notice of appeal filed prior to disposition of such a motion by entry of a signed order is not effective to confer jurisdiction on an appellate court.

*Id.* at 1000. This court therefore rejects Swenson's argument that a premature notice of appeal from a rule 52(b) or 59 post-judgment motion should be treated as filed on the day the final order is actually entered. When a party files a post-judgment motion pursuant to either rule 52(b) or rule 59, a notice of appeal must be filed after the order disposing of the motion is entered in order to vest jurisdiction in this court.

■ Swenson next argues that the signed minute entry constituted the "first signed order" and that the final order entered was "simply superfluous." This court has recognized that in appropriate circumstances, a signed minute entry *may be* a final order for purposes of appeal. *See Dove v. Cude,* 710 P.2d 170, 171 n. 1 (Utah 1985) (mem.); *Cannon v. Keller,* 692 P.2d 740, 741 n. 1 (Utah 1984); *McNair v. Hayward,* 666 P.2d 321, 325 n. 6 (Utah 1983). However, such treatment is appropriate only where "the ruling specifies with certainty a final determination of the rights of the parties and is susceptible of enforcement." *Cannon,* 692 P.2d at 741 n. 1; *see also Utah State Bldg. Bd. v. Walsh Plumbing Co.,* 16 Utah 2d 249, 254, 399 P.2d 141, 144 (1965). It must be clear that that " 'which is offered as the record of a judgment is really such and not an order for a judgment or a mere memorandum from which the judgment was to be drawn.' "

*Hartford Accident & Indem. Co. v. Clegg,* 103 Utah 414, 420, 135 P.2d 919, 922 (1943) (quoting 33 C.J. *Judgments* § 118 (1924)).

■ In *Hartford Accident & Indemnity Co.,* this court held that a minute entry signed by the trial court stating that "[t]he within entitled matter having been by the court taken under advisement, the court now renders its decision that judgment be entered against the plaintiff and in favor of the defendant," *id.* at 419, 135 P.2d at 921, was not itself a final order. Similarly, in the present case, the minute entry was signed, but the language itself demonstrates that it was not intended as a final order. It states: "Counsel for the defendants is to prepare an Order showing that the Motions are denied. The Order should be submitted to this Court in accordance with the Code of Judicial Administration." *See* Utah Code Judicial Admin.R. 4–504. On the basis of this language, as well as the fact that a final order was subsequently entered, "it seems obvious that neither the parties nor the court … regarded it [as a final judgment], otherwise there would have been no purpose in entering the final [order]." *Walsh Plumbing,* 16 Utah 2d at 254, 399 P.2d at 145. We therefore hold that the signed minute entry in this case does not constitute a final appealable order.

Utah Rule of Appellate Procedure 4(b) requires the filing of a new notice of appeal within the prescribed time after entry of the trial court's *order* disposing of rule 52(b) and rule 59 post-judgment motions. Because Swenson failed to file a notice of appeal after the trial court entered its order denying Swenson's post-judgment motions, the notice was ineffective and we are without jurisdiction. The appeal is dismissed.

ZIMMERMAN, C.J., and DURHAM, J., concur.

HOWE, Justice, dissenting:

I respectfully dissent. I believe that under the proper interpretation of rule 4, Utah Rules of Appellate Procedure, plaintiffs timely filed their notice of appeal, and the appeal should not now be dismissed by this court.

## I

This case presents for our decision the proper interpretation and correlation of paragraphs (a), (b), and (c) of rule 4. So far as is pertinent here, paragraph (a) states that a notice of appeal shall be filed within thirty days

> after the date of *entry of the judgment or order* appealed from.

(Emphasis added.) Paragraph (c) modifies paragraph (a) by stating:

> Except as provided in paragraph (b) of this rule, a notice of appeal filed after the announcement of a decision, judgment, or order but before the entry of the judgment or order of the trial court shall be treated as filed after such entry and on the day thereof.

I shall hereafter refer to this provision as the "announcement modification."

We now turn to paragraph (b) to ascertain the scope of the exception made therein to paragraph (c). Paragraph (b) states that if a timely post-trial motion is made under rule 50(b), rule 52(b), or rule 59,

> the time for appeal for all parties shall run from the *entry of the order* denying a new trial or granting or denying any other such motion.

(Emphasis added.)

The majority interprets this exception too broadly. Their interpretation denies an appellant the benefit of the announcement modification contained in paragraph (c) and requires an appellant to file a notice of appeal only after the actual entry of the order denying a new trial or granting or denying any of the other post-trial motions. I disagree with that interpretation because the announcement modification applies to orders disposing of post-trial motions as well as to a decision, judgment, or order made after a trial on the merits when no post-trial motion is made. The very language in paragraph (b) which the majority relies on to deny the appellant the benefit of the announcement modification, i.e., "the time for appeal shall run from the *entry of the order*" granting or denying the post-trial motion, is the very same language used in paragraph (a) set out above, i.e., the notice of appeal shall be filed within

thirty days "after the date of *entry of the judgment or order* appealed from." Thus, there is no basis to recognize the announcement modification in an appeal where there is no post-trial motion (paragraph (a)) but deny it when there is a post-trial motion (paragraph (b)).

The majority reads too much into the "except as provided in paragraph (b) of this rule," which is contained in paragraph (c). That language means nothing more than if one or more of the post-trial motions mentioned in paragraph (b) is filed, a notice of appeal cannot be filed until the motion has been disposed of. It does not additionally mean that the announcement modification is not available to orders granting or denying post trial motions. This is made clear by the penultimate sentence of paragraph (b), which states, "A notice of appeal filed before the disposition of any of the above [post-trial] motions shall have no effect." Thus, when the trial court ruled and announced by signed minute entry its disposition of plaintiffs' post-trial motions, paragraph (c) allowed a notice of appeal to then be filed even though it was before the actual entry of the order denying the motion.

The majority's interpretation creates a strange anomaly in the rule. They would allow a notice of appeal to be filed after the announcement of a decision, judgment, or order when no post-trial motion has been filed but would deny the benefit of this announcement modification when a post-trial motion is filed and an announcement is made by the court disposing of the motion. No reason has been or could be suggested why the drafters of the rule would so limit the benefit of the announcement modification. It creates a trap for the unwary appellant, as this case demonstrates. Rule 1(a) of the Utah Rules of Civil Procedure states that those rules "shall be liberally construed to secure the just, speedy, and inexpensive determination of every action." While there is no parallel provision in the Utah Rules of Appellate Procedure, I believe that the appellate rules should be similarly liberally construed, and the distinction which is drawn in the majority opinion is not founded on either a proper interpretation or any reason.

The cases of this court which the majority cite in support of their decision, namely, *Transamerica Cash Reserve, Inc. v. Hafen*, 723 P.2d 425 (Utah 1986), *Baily v. Sound Lab, Inc.*, 694 P.2d 1043 (Utah 1984), and *U–M Invs. v. Ray*, 658 P.2d 1186 (Utah 1982), do not deal with the issue which we have in the instant case, where a trial judge announced by a signed minute entry the denial of the post-trial motions and plaintiffs filed their notice of appeal thereafter but before the formal order denying the motions was actually signed and entered. In all of the cited cases, the post-trial motions had not been disposed of by the trial judges. That is not the case here.

## II

I also dissent from the second part of the majority opinion where they hold that the signed minute entry denying the post-trial motions is not a final order upon which a notice of appeal may be based. The opinion does acknowledge that this court has recognized a signed minute entry as a final order for purposes of appeal but states that "such treatment is appropriate only where 'the ruling specifies with certainty a final determination of the rights of the party and is susceptible of enforcement.'" (Quoting *Cannon v. Keller*, 692 P.2d 740, 741 n. 1 (Utah 1984).) That is exactly what we have in the instant case. The trial judge's signed minute entry completely and clearly disposed of plaintiffs' post-trial motions by denying all of them. There was nothing equivocal about it. Had no formal order been entered thereafter by the trial court, we would have recognized it as an order disposing of the post-trial motions and would have permitted an appeal to be based thereon. In *Dove v. Cude*, 710 P.2d 170, 171 n. 1 (Utah 1985), Justice Durham, writing for the court, upheld the jurisdiction of this court in an appeal which was taken from a signed minute entry. In doing so, we relied on a statement made in *Cannon v. Keller*:

> Although not designated an "Order" or "Judgment," the ruling specifies with certainty a final determination of the rights of the parties and is susceptible of enforcement.

*Dove*, 710 P.2d at 171 n. 1 (quoting *Cannon*, 692 P.2d at 741 n. 1). In *Cannon*, we took jurisdiction of an appeal from a memorandum decision signed by the court and ordering a writ of mandamus to issue.

The minute entry signed by the trial judge in the instant case specified with certainty a final determination of the rights of the parties, even though it was contemplated that counsel for defendants was to prepare a formal order denying the motions. The formal order submitted by prevailing counsel did nothing more than parrot the language of the signed minute entry and was thus consistent with the announced disposition.

STEWART, Associate C.J., concurs in the dissenting opinion of HOWE, J.