**Stanley T. FARLEY and Ora B. Farley, Plaintiffs and Appellees,**

v.

**Dwane J. SYKES, Defendant and Appellant.**

No. 950026–CA.

Court of Appeals of Utah.

June 13, 1996.

Sam Primavera, Provo, for Appellant.

Frederick A. Jackman, Provo, for Appellees.

Before ORME, P.J., and BENCH and GREENWOOD, JJ.

## OPINION

PER CURIAM:

Appellant Dwane J. Sykes appeals from a judgment declaring appellees Stanley T. Farley and Ora B. Farley to be the rightful owners of 89 shares of Dry Gulch Irrigation stock, awarding a money judgment in favor of Farleys and dismissing Sykes's claims against Farleys with prejudice. The case is before the court on Farleys' motion to dismiss the appeal as untimely. We dismiss the appeal.

The trial court entered Findings of Fact and Conclusions of Law and an Order and Judgment on May 21, 1992. Sykes represents that he made an ex parte motion to extend the time for filing objections and that the motion was granted. No order granting the extension appears in the trial court record. On June 1, 1992, Sykes filed an Objection to Proposed Order, Findings, Conclusions, and Attorney Fees. The trial court denied the objections in a memorandum decision dated June 5, 1992. The memorandum decision states that "[t]his memorandum decision has no effect until such order is signed by the court." Sykes filed his notice of appeal on July 2, 1992. The trial court entered an order denying Sykes's objections to the proposed findings of fact and conclusions of law on July 6, 1992 and ordered that the judgment previously entered would stand. The court also signed and entered a document captioned Proposed Findings of Fact and Conclusions of Law on July 6, 1992.

Farleys move this court to dismiss the appeal as untimely, contending that the notice of appeal was not filed within thirty days of entry of the judgment and that the objections filed by Sykes did not extend the time for filing an appeal. Sykes opposes the motion, contending that the post-judgment objections "should be construed as a motion to amend findings or make additional findings under Rule 52(b) or as a motion to amend or alter a judgment under Rule 59 of the Utah Rules of Civil Procedure, either of which would extend the time allowed for filing of a notice of appeal" under Rule 4(b) of the Utah Rules of Appellate Procedure. *See Salt Lake Knee & Sports Rehabilitation, Inc. v. Salt Lake City Knee & Sports Medicine,* 909 P.2d 266, 268 (Utah App.1995). Sykes then contends that his filing of a notice of appeal after the announcement of the ruling on the objections, but before entry of the "final" findings of fact and conclusions of law, is timely under Rule 4(c) of the Utah Rules of Appellate Procedure.

Sykes's arguments are, however, mutually exclusive. If this court assumes, for purposes of resolving the present motion, that the objections are an appropriate motion extending the time for filing an appeal under Rule 4(b), then application of Rule 4(b) precludes application of Rule 4(c) to make the premature notice of appeal timely. Rule 4(b) requires that "[a] new notice of appeal must be filed within the prescribed time measured from the entry of the order of the trial court disposing of the motion" that extends the time for filing a notice of appeal, and further states that a notice of appeal filed before entry of the order "shall have no effect." In addition, Rule 4(c) states that *"[e]xcept as provided in paragraph (b) of this rule,* a notice of appeal filed after the announcement of a decision, judgment, or order but before the entry of the judgment or order of the trial court shall be treated as filed after such

entry and on the day thereof." (Emphasis added.) Accordingly, Rule 4(c) expressly excludes the situation presented in this case. *See Swenson Assoc. Architects v. State,* 889 P.2d 415, 416 (Utah 1994).

Because the notice of appeal was not filed within thirty days of the entry of judgment and, alternatively, because no new notice of appeal was filed after disposition of the post-judgment motion extending the appeal time, as required by Rule 4(b) of the Utah Rules of Appellate Procedure, this court lacks jurisdiction to consider the merits of the appeal.

The appeal is dismissed.

ORME, P.J., and BENCH and GREENWOOD, JJ., concur.