2011 UT App 310

**Kimberly ROOS, Petitioner and Appellee,**

v.

**Alan M. TOMALINO, Respondent and Appellant.**

No. 20110591–CA.

Court of Appeals of Utah.

Sept. 9, 2011.

Richard S. Nemelka, Stephen R. Nemelka, and Cary L. Nemelka, Salt Lake City, for Appellant.

Kathleen McConkie, Bountiful, for Appellee.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶1 Alan M. Tomalino appeals the district court's order entered on June 14, 2011. This matter is before the court on a sua sponte motion for summary disposition. We dismiss the appeal without prejudice.

---

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. This court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶ 8. Previously, a signed minute entry could be considered to constitute a final, appealable order so long as it specified with certainty a final determination of the rights of the parties and was susceptible to enforcement. *See Dove v. Cude*, 710 P.2d 170, 171 (Utah 1985).

¶ 3 The Utah Supreme Court has determined that the prior framework for analyzing the finality of a minute entry or order for purposes of appeal was unworkable. *See Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 30–36, 201 P.3d 966. As of the supreme court's decision in *Giusti*, a minute entry or order contemplated as final by the district court "must explicitly direct that no additional order is necessary." *Id.* ¶ 32. Otherwise, when the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶ 30. If the prevailing party does not prepare and file an order in accordance with rule 7(f)(2), the nonprevailing party must do so. *See id.* ¶ 38.

¶ 4 The June 14, 2011 order does not satisfy the requirements set forth in *Giusti*. The district court did not expressly indicate that the June 14, 2011 order was the final order of the court. Furthermore, neither party prepared and submitted a proposed final order that would satisfy the requirements set forth in rule 7(f)(2) of the Utah Rules of Civil Procedure and *Giusti*. *See id.* Thus, the June 14, 2011 order is not final for purposes of appeal, and this court lacks jurisdiction to consider the appeal. *See Bradbury*, 2000 UT 50, ¶ 9, 5 P.3d 649. When this court lacks jurisdiction, we have only the authority to dismiss the appeal.[1] *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989).

1. Because this appeal is dismissed for lack of jurisdiction, Tomalino's motion to stay the ap-

¶ 5 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.

ROTH, Judge (dissenting):

¶ 6 Although I agree with the *Giusti* analysis, I would have granted the motion to stay for thirty days in order to allow the jurisdictional defect to be corrected.