284 P.2d 693

**STATE of Utah, Plaintiff and Respondent,**

v.

**John Murray LANDRUM and Bill Frentress, Defendants and Appellants.**

No. 8333.

Supreme Court of Utah.

May 31, 1955.

C. C. Patterson, Joseph C. Foley, Ogden, for appellants.

E. R. Callister, Jr., Atty. Gen., Walter L. Budge, Asst. Atty. Gen., L. Roland Anderson, Robert L. Newey, Ogden, for respondent.

WORTHEN, Justice.

This appeal attacks the validity of the short-form information permitted by our

statute, under which the defendants were charged and convicted of the crime of robbery.

Defendants specifically contend that the information fails to accord defendants the protection guaranteed by Article 1, Section 12 of the Constitution of Utah, which provides:

"In criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation against him, to have a copy thereof * * *."

The state contends that the information meets the requirements of Sections 77–21–8 and 77–21–47, U.C.A.1953, and that the same satisfies the constitutional guarantees of defendants.

The charging part of the information was as follows: "John Murray Landrum, Patricia O'Hara, and Bill Frentress robbed Joseph Shepherd."

Defendants contend that the information is not sufficient to apprise defendants of the nature and cause of the accusation nor to enable them to defend, and that it is so indefinite that they may be subjected to double jeopardy.

The statutes involved are Sections 77-21–8 and 77–21–47, U.C.A.1953, set out below so far as essential:

"77–21–8. Charging the offense.— (1) The information or indictment may charge, and is valid and sufficient if it charges the offense for which the defendant is being prosecuted in one or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The information or indictment may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such information or indictment regard shall be had to such reference."

"77–21–47. Forms for certain offenses.—The following forms may be used in the cases in which they are applicable:

*    *    *    *    *    *

"Robbery—A. B. robbed C. D. * * *"

In the case of State v. Hill[1] in answering the contention of the defendants that Sections 77–21–8 and 47 violate the provisions of Article 1, Section 12 of our constitution—this court, at page 458 of 100 Utah and 393 of 116 P.2d said:

1. 100 Utah 456, 116 P.2d 392.

"In considering this attack on the statute, we have examined the available similar statutes of the various states having like constitutional provisions and the adjudications thereunder. We have found no state where a so-called short form has been adopted where it has been held unconstitutional. * * * "

This Court in that case, after referring to section 77–21–9, U.C.A.1953, providing for furnishing the defendant with a bill of particulars, at page 462 of 100 Utah, at page 395 of 116 P.2d, said:

"Without resort to such bill of particulars, the information in the instant case complied with those minimum requirements which the dissenting opinion in the Bogdanoff case [People v. Bogdanoff], supra (254 N. Y. 16, 171 N.E. [890] 896, 69 A.L.R. 1378), specified, viz.,

" 'This legal accusation consisted of two essentials * * * First, the accused is charged with having committed a crime, known to the law; and, second, the act which he did constituting that crime is stated.'

"It follows that the information in this case was sufficient. In so holding as to the information here examined, we, of course, express no opinion as to whether or not each of the forms set out in Section 105–21–47, Laws of Utah 1935, meets such requirements."

The Section cited by the court is now Section 77–21–47, U.C.A.1953.

■ Section 77–21–47, U.C.A.1953, does not declare that the forms set out as short forms shall be sufficient in every case; the section authorizes the use of specified short forms in cases in which they are applicable.

■ The statute does not declare that the form used in the information charging defendants with robbery is sufficient. However, in this case we are of the opinion that the information was sufficient and that defendants were denied no constitutional rights by the same. It met the requirements of Section 77–21–8. It charged defendants with having committed a crime, known to the law, and it stated the act which defendants did constituting that crime. It met the requirements of Article 1, Section 12 of our Constitution; it advised the defendants of the nature and cause of the accusation against them.

Judgment affirmed.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.