2001 UT App 75

STATE of Utah, Plaintiff and Appellee,

v.

Sandra SPRY aka Sandra Chlopitsky, Defendant and Appellant.

No. 20000244–CA.

Court of Appeals of Utah.

March 8, 2001.

W. Andrew McCullough, Orem, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Jeffrey T. Colemere, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and ORME.

OPINION

BILLINGS, Judge:

¶ 1 Sandra Spry, aka Sandra Chlopitsky (Defendant), having obtained our leave to

take an interlocutory appeal, appeals the trial court's order denying her motion to compel discovery and granting the State's motion for discovery. We affirm.

## BACKGROUND

¶ 2 On August 5, 1999, at approximately 1:30 a.m., a police officer observed Defendant behaving suspiciously near an automated teller machine. The officer drove up to Defendant to investigate. Defendant approached the officer and began speaking to him. The officer could smell alcohol on Defendant's breath. Defendant denied drinking. The officer noticed an open alcoholic beverage container in Defendant's open convertible. Upon questioning, Defendant became angry and abusive, and refused to cooperate. She was placed under arrest. During an inventory search of the vehicle, the officer found a baggy containing a substance which tested positive as cocaine, and another which tested positive as methamphetamine. The officer also found scales, pipes, tubes, syringes, several small baggies, and additional containers of alcohol.

¶ 3 Defendant was charged with two counts of unlawful possession of a controlled substance, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (Supp.1999), and one count of unlawful possession of drug paraphernalia, in violation of Utah Code Ann. § 58–37a–5 (1998).

¶ 4 Defendant's vehicle, after being impounded, was destroyed by fire. Believing she was "roughed up" and that her car was wrongfully destroyed, Defendant filed a written complaint against the arresting officer with the Internal Affairs Division of the City of South Salt Lake. A hearing was held on the complaint, which was tape recorded. After the hearing, Internal Affairs determined there was no cause for the complaint.

¶ 5 In the pretrial discovery stage of her prosecution, Defendant requested the internal affairs complaint and tape recording (collectively "internal affairs record") from the State pursuant to Rule 16(a)(1) of the Utah Rules of Criminal Procedure. The State denied this request.[1] Defendant then filed a motion to compel discovery of a copy of the internal affairs record.

¶ 6 The State filed a motion for discovery, requesting the names and testimony of defense witnesses, copies of expert reports, exhibits and investigative reports that would be used at trial.

¶ 7 The trial court denied Defendant's motion to compel discovery and granted the State's motion for discovery, finding that the State had shown good cause. This court granted Defendant's petition for interlocutory appeal to review the trial court's orders denying her motion to compel discovery and granting the State's motion for discovery.

## ISSUES AND STANDARD OF REVIEW

¶ 8 At issue are the interpretations of Rule 16(a)(1) and Rule 16(c) of the Utah Rules of Criminal Procedure. While a trial court is generally allowed broad discretion in granting or denying discovery, *see State v. Knill*, 656 P.2d 1026, 1027 (Utah 1982), "[t]he proper interpretation of a rule of procedure is a question of law, and we review the trial court's decision for correctness." *Ostler v. Buhler*, 1999 UT 99, ¶ 5, 989 P.2d 1073; *see also State v. Bybee*, 2000 UT 43, ¶ 10, 1 P.3d 1087.

## ANALYSIS

### I. Access to Internal Affairs Record

¶ 9 Rule 16(a)(1) provides that, upon request, the prosecutor shall disclose to the defense "relevant written or recorded statements of the defendant or codefendants" of which he has knowledge. Utah R.Crim. P. 16(a)(1). Defendant argues that the internal affairs record is a relevant written or recorded statement of Defendant and as such must be disclosed by the State so Defendant can adequately prepare her defense. While the

---

1. Subsequently, Defendant, through her civil attorney, requested a copy of the internal affairs record from the City of South Salt Lake. This request was denied by the City, which cited to the Government Records Access and Management Act (GRAMA), Utah Code Ann. §§ 63–2–101 to –909 (1997 & Supp.2000), specifically §§ 63–2–302 & –304 (1997 & Supp.2000). At oral argument, Defendant admitted that this decision was not appealed.

internal affairs record may be a relevant written or recorded statement of Defendant, Rule 16(a)(1) requires that the prosecutor have "knowledge" of the internal affairs record before requiring disclosure of the same. *See id.* The State argues that it is not required to produce records when the prosecutor, staff, and investigating officers of Salt Lake County do not possess or have knowledge of the evidence contained therein.

¶ 10 In *State v. Pliego*, 1999 UT 8, 974 P.2d 279, the Utah Supreme Court addressed the issue of "whether [R]ule 16(a) requires a prosecutor to disclose to the defense records which he does not possess and of which he has no knowledge." *Id.* at ¶ 8. *Pliego* involved an appeal by a defendant from an order denying his motion to require the prosecution to obtain and produce the victim's mental and health records at the Adolescent Residential Treatment and Education Center (ARTEC), the Division of Family Services (DFS), and the Child Protective Services (CPS). *See id.* at ¶ 4.

¶ 11 The court held that Rule 16(a) did not require the prosecutor "to disclose or produce to the defense [the victim's] ARTEC, DFS, and CPS records." *Id.* at ¶ 14. The court stated, "[t]he record shows that neither the prosecutor, her staff, nor the investigating officers possessed or had knowledge of these materials or the evidence contained therein." *Id.*

¶ 12 What is more critical to our analysis, however, is the court's disapproval of one aspect of this court's decision in *State v. Mickelson*, 848 P.2d 677 (Utah Ct.App.1992), regarding the scope of the prosecution's discovery obligation. In *Pliego*, the defendant relied on *Mickelson* for the proposition that Rule 16(a) "requires the prosecutor to disclose [any] records in the possession of other state agencies." *Pliego*, 1999 UT 8 at ¶ 15, 974 P.2d 279 (alteration in original).

¶ 13 In *Mickelson*, we relied on several cases, including a decision of the United States Court of Appeals for the Third Cir-

cuit, *United States v. Perdomo*, 929 F.2d 967 (3rd Cir.1991), which held that the prosecution is required to disclose records that are "in the possession of some arm of the state." *Perdomo*, 929 F.2d at 971. *Pliego* expressly rejects this holding. *See Pliego*, 1999 UT 8 at ¶ 15, 974 P.2d 279.

¶ 14 In rejecting *Perdomo* the supreme court reasoned that,

> [i]n our view, [the *Perdomo* ] requirement is too broad. Such a rule would place a herculean burden on the prosecutor to search through [the] records of every state agency looking for exculpatory evidence on behalf of the defendant ... [R]ule 16(a) of the Utah Rules of Criminal Procedure does not require as much. *Rather, the prosecutor's disclosure duty arises only when he, his staff, or the investigating officers come across exculpatory materials during their investigation.* Therefore, to the extent that *Mickelson* adopted the *Perdomo* rule, we decline to follow it.

*Id.* at ¶ 18 (emphasis added).

■ ¶ 15 In the instant case, it is undisputed that the Internal Affairs Division of the City of South Salt Lake is in possession of the internal affairs record. There is no evidence in the record to suggest that the Salt Lake County District Attorney's Office had knowledge of the internal affairs record (other than being apprised of its existence in this appeal), or came across the same in the course of its investigation. Further, the State has stipulated that it will not use the internal affairs record in this prosecution.

■ ¶ 16 However, Defendant argues that the State has access to the internal affairs record through section 63–2–206 of the Government Records Access and Management Act (GRAMA).[2] The State does not dispute that it has potential access to the internal affairs record under GRAMA, however, it does not follow that the State must disclose it to Defendant under Rule 16(a)(1). Requiring the State to disclose to the defense all infor-

---

2. This section, in relevant part, provides:
   (1) A governmental entity may provide a record that is private, controlled, or protected to another governmental entity ... if the requesting entity:

   . . . .
   (b) enforces, litigates, or investigates ... criminal ... law, and the record is necessary to a proceeding or investigation.
Utah Code Ann. § 63–2–206(1)(b) (Supp.2000).

mation to which it has "access" under GRA-MA "would place a herculean burden on the prosecutor to search through [the] records of every state agency" looking for relevant written or recorded statements on behalf of the defendant simply because the State has access to the records under GRAMA. *Pliego*, 1999 UT 8 at ¶ 18, 974 P.2d 279. Such a result would violate the principles articulated by our supreme court in *Pliego*. We therefore affirm the trial court's denial of Defendant's motion to compel production of the internal affairs record.[3]

## II. Discovery Order

¶ 17 Defendant next argues the trial court erred in granting the State's motion for discovery.[4] Defendant contends that Rule 16(c) does not give the State "blanket discovery of Defendant's case." Under Rule 16(c),

[e]xcept as otherwise provided or as privileged, the defense shall disclose to the prosecutor such information as required by statute relating to alibi or insanity and any other item of evidence which the court determines on *good cause shown* should be made available to the prosecutor in order for the prosecutor to adequately prepare his case.

Utah R.Crim. P. 16(c) (emphasis added).

¶ 18 Utah appellate courts have not defined the good cause requirement for prosecutors under Rule 16(c). However, "good cause" has been defined as used in Rule

---

**3.** Defendant's proper course of action should have been to use Rule 14(b) of the Utah Rules of Criminal Procedure to subpoena the internal affairs record from the City. *See* Utah R.Crim. P. 14(b); *see also Pliego*, 1999 UT 8 at ¶ 20, 974 P.2d 279.

**4.** In its motion for discovery, the State, pursuant to Utah R.Crim. P. 16(c), sought: (1) a list of all the witnesses that the defense intends to call for trial, including their addresses, telephone numbers, and dates of birth; (2) an opportunity for the prosecutor to inspect physical evidence, documents, and photographs that defendant intends to introduce at trial; (3) copies of any reports and conclusions of any experts that the defendant intends to call for trial, each expert's qualifications and information concerning any remuneration that the witness may be receiving for such testimony; (4) copies of any reports prepared by the defense investigators during the course of the prosecution of this case; (5) copies

---

16(a)(5) which requires the defendant to show good cause for the court to order discovery of evidence from the prosecution.[5]

¶ 19 In *Cannon v. Keller*, 692 P.2d 740 (Utah 1984), the Utah Supreme Court addressed a challenge by the State which asserted that the trial court had abused its discretion under Rule 16(a)(5) by ordering the State to disclose evidence to the defendant. *See id.* at 743. The State argued that the defendant had not shown good cause because "the defendant failed to offer any evidence that disclosure was necessary for the preparation of the defense." *Id.* While the court agreed that the defendant had not shown good cause it nonetheless upheld the trial court's discovery order, reasoning that,

the State itself provided "good cause" by representing that it needed to keep defendant's money to use at trial, when the only logical use would of necessity entail proof of the details of the transaction in which the informant was involved. . . . [The trial court] acted well within [its] discretion in ordering the State to disclose evidence that it had itself suggested would be used to prove guilt.

*Id.*

¶ 20 In *State v. Mickelson*, 848 P.2d 677 (Utah Ct.App.1992), this court dealt with "good cause" under Rule 16(a)(5). In *Mickelson*, the defendant challenged the trial court's order denying the defendant's request for the conviction records of the State's wit-

---

of any reports prepared by defense investigators where the defense intends to call the particular investigator as a witness; (6) copies of that portion of any reports prepared by defense investigators concerning statements made by witnesses the defense intends to call at trial; and (7) disclosure of any relationship to the defendant of any witnesses the defense intends to call at trial.

**5.** Rule 16(a) provides in relevant part,

the prosecutor shall disclose to the defense upon request . . . (5) . . . evidence which the court determines on *good cause shown* should be made available to the defendant in order for the defendant to adequately prepare his defense.

Utah R.Crim. P. 16(a)(5) (emphasis added). Evidence not requiring "good cause," but rather to be produced upon request, includes the defendant's criminal record and exculpatory evidence. *See* Utah R.Crim. P. 16(a)(2), (4).

nesses under Rule 16(a)(5). *See id.* at 687–88.

¶ 21 In defining "good cause," we reasoned that *Cannon*

> implicitly held that (1) "good cause" requires only a showing that disclosure of requested evidence is necessary to the proper preparation of the defense and (2) such a showing is made whenever the trial court is apprised of the fact that the evidence is material to an issue to be raised at trial.

*Id.* at 690. This court reasoned that this standard of "good cause"

> optimally balances the rights and obligations of parties in criminal litigation and ... allows a defendant ample access to evidence in the State's possession, by requiring, as the only prerequisite to discovery, that the court be apprised of the information's materiality to the case. Nonetheless, by requiring defendants to make this preliminary showing of materiality, *Cannon* also effectively protects the State and the court from irrelevant and vexing discovery requests. Thus, the trial can be conducted with a minimum of unnecessary delay, while still *allowing both parties a maximum of necessary preparation.*

*Id.* (emphasis added). In sum, the court held that Rule 16(a)(5) "only requires that the defendant establish the materiality of the requested records to the case." *Id.*

¶ 22 Applying this standard of good cause in *Mickelson,* this court held that the defendant satisfied the good cause requirement of Rule 16(a)(5). *See id.* The defendant "stated at the motion hearing that 'we request

[the conviction records] simply because some prior convictions would be admissible in terms of impeachment of the credibility of the witness.' " *Id.* (alteration in original). We found this statement "sufficient to satisfy Rule 16(a)(5)'s good cause requirement," because it "clearly sets forth the legitimate potential value of the requested evidence to the defense, and, therefore establishes the materiality of the evidence to the issues to be raised at trial." *Id.*

¶ 23 Rule 16 employs essentially the same phraseology for both the prosecution and the defense, requiring disclosures from both sides of "any other item of evidence which the court determines on good cause shown should be made available to [the other side] in order for [the other side] to adequately prepare [its case]." Utah R.Crim. P. 16(a)(5), (c). These discovery requirements parallel each other and it is only logical that the standard of good cause required of one is the standard of good cause required of the other.[6] The reasoning behind the adoption of the *Mickelson* standard of "good cause" applies equally as well in protecting a defendant from "irrelevant and vexing discovery requests" from the prosecution, as it does in protecting the prosecution from such requests from the defense.

¶ 24 Applying the *Mickelson* standard of "good cause" to the instant case, we cannot say the trial court abused its discretion in granting the State's motion for discovery. All of the State's requested disclosures were material, as they involved information on witnesses and documents which Defendant intended to use at trial.[7]

---

**6.** We note, of course, that a defendant's protection against self-incrimination prevents extensive prosecution discovery and is paramount to Rule 16(c) of the Utah Rules of Criminal Procedure. *See* U.S. Const. amend V; Utah Const. art I, § 12. *See generally* 23 Am.Jur.2d *Depositions & Discovery* § 462 (1983).

**7.** Our holding is in agreement with cases from other jurisdictions which hold that good cause, in the context of criminal discovery, requires a showing of materiality. *See United States v. Conder,* 423 F.2d 904, 910 (6th Cir.1970) (holding good cause under federal discovery rule requires a showing of reasonableness and materiality); *People v. Cooper,* 53 Cal.2d 755, 770, 3 Cal.Rptr.

148, 349 P.2d 964, 973 (1960) (requiring more than "a mere desire for the benefit of all information which has been obtained" by the State in its investigation); *Engstrom v. Super. Ct.,* 20 Cal. App.3d 240, 245, 97 Cal.Rptr. 484, 487 (1971) (defendant's discovery request for information concerning victim's arrests for specific acts of aggression satisfied showing of good cause as information was material to defendant's disclosed self-defense theory); *State v. Dykes,* 252 Kan. 556, 847 P.2d 1214, 1216 (1993) (stating, "defendant has the burden of showing the materiality and reasonableness of the request"). *See generally* 23 Am.Jur.2d *Depositions & Discovery* § 430 (1983) ("Blanket, overbroad, 'all inclusive and unreasonable,' or 'dragnet variety' requests

## CONCLUSION

¶ 25 In conclusion, we hold that, under Rule 16(a)(1), the prosecution does not have a duty to disclose records to which it may have access to under GRAMA but which it does not possess nor intend to use. We further hold that "good cause" under Rule 16(c) requires the prosecution to establish only the materiality of the information requested from the defense before the defense is required to make such information available to the prosecution.

¶ 26 Accordingly, we affirm.

¶ 27 WE CONCUR: JAMES Z. DAVIS, Judge, GREGORY K. ORME, Judge.

may be denied, since a defendant must show better cause for production than a mere desire to see all of the information obtained by the state.") (footnotes omitted).