2006 UT App 458

**STATE of Utah, Plaintiff and Appellee,**

v.

**Christopher Sean KEARNS, Defendant and Appellant.**

**No. 20050940–CA.**

Court of Appeals of Utah.

Nov. 16, 2006.

---

Gregory Saunders, St. George, for Appellant.

Ryan J. Shaum, St. George, for Appellee.

Before Judges BENCH, McHUGH, and ORME.

## OPINION

BENCH, Presiding Judge:

¶ 1 Defendant Christopher Kearns was convicted of intoxication, a class C misdemeanor. *See* Utah Code Ann. § 76–9–701 (2003). Defendant appeals the interlocutory decision that denied him free copies of discoverable material in the Washington County Attorney's possession. We affirm.

## BACKGROUND

¶ 2 The State filed an Information charging Defendant with kidnapping, assault, and intoxication. Defendant received a free copy of the Information. After Defendant filed a motion requesting discovery, the State responded by describing all of the discoverable material in the State's possession and disclosing the names of potential witnesses. Further, the State outlined the procedures available to Defendant for making discovery of the material: make an appointment to personally review and copy the discoverable material, or pay a five dollar flat fee (the Flat Fee) to have the Washington County Attorney's Office staff copy and mail all the requested discovery.

¶ 3 Defendant refused to pay for copies of the discoverable material, claiming that the State was constitutionally required to provide free copies of all the documents and that the fee schedule effectively forced Defendant to pay for his constitutional rights. The Honorable Pat B. Brian was assigned to decide the discovery dispute after all the judges of the Fifth District recused themselves. After a hearing, Judge Brian ruled that the Utah Constitution entitled Defendant to free copies of the Information and probable cause statement, but that the State could charge copying fees for other discoverable material. The court further held that the Flat Fee for copying did not force Defendant to indirectly pay for costs of other criminal defendants because Defendant had the option to personally copy the discovery material at the per-page rate established by the Washington County Commission. Defendant was later convicted in proceedings held before Judge James L. Shumate. On appeal, Defendant challenges only Judge Brian's ruling on the discovery dispute.

## ISSUES AND STANDARDS OF REVIEW

¶ 4 In appealing the trial court's decision to deny him free copies of the discoverable material, Defendant challenges the trial court's interpretation of Article I, Section 12 of the Utah Constitution, Utah Code section 77–1–6, and rule 16 of the Utah Rules of Criminal Procedure. *See* Utah Const. art. I, § 12; Utah Code Ann. § 77–1–6 (2003); Utah R.Crim. P. 16. "While a trial court is generally allowed broad discretion in granting or denying discovery ..., the proper interpretation of a rule or procedure is a question of law, and we review the trial court's decision for correctness." *State v. Spry*, 2001 UT App 75, ¶ 8, 21 P.3d 675 (quotations and citation omitted). The constitutional and statutory interpretation issues raised in Defendant's arguments are also questions of law, which we review for correctness. *See State v. Mast*, 2001 UT App 402, ¶ 8, 40 P.3d 1143; *In re Adoption of S.L.F.*, 2001 UT App 183, ¶ 9, 27 P.3d 583.

¶ 5 Defendant also challenges the reasonableness of the Washington County Attorney's fee schedule for copies of discovery, specifically the Flat Fee. The setting of fees is a legislative act to which we defer, and a challenging party must show that the fee is unreasonable. *See V–1 Oil Co. v. Utah State Tax Comm'n*, 942 P.2d 906, 917 (Utah 1996).

## ANALYSIS

¶ 6 Defendant argues that the trial court erred by holding that he was not constitutionally entitled to free copies of all the discoverable material. Article I, Section 12 of the Utah Constitution provides that "[i]n criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and the cause of the accusation against him, [and] to have a copy thereof." Utah Const. art. I, § 12. Further, "[i]n no instance shall any accused person, before final judgment, be

compelled to advance money or fees to secure the rights herein guaranteed." *Id.; see also* Utah Code Ann. § 77–1–6(b) ("In criminal prosecutions the defendant is entitled ... [t]o receive a copy of the accusation filed against him."). Defendant claims that because he was merely an accused person at the time of discovery, the State impermissibly forced him to pay for copies of documents to which he was constitutionally entitled.

■ ¶ 7 We will avoid constitutional conflicts in our analysis by interpreting the Utah Code in harmony with the Utah Constitution. *See State v. Mooney,* 2004 UT 49,¶ 12, 98 P.3d 420 ("[W]e have a duty to construe statutes to avoid constitutional conflicts." (quotations and citation omitted)). Therefore, our conclusion as to the type of information necessary to satisfy the Utah Constitution will also satisfy the Utah Code. *See id.; State v. Fulton,* 742 P.2d 1208, 1214 (Utah 1987) (holding that the source of the right asserted was not important because the language of each source created the same or similar right).

## I.   Constitutionally Mandated Free Copies

■ ¶ 8 Defendant contends that the trial court erred by finding that the Utah Constitution and Utah Code do not entitle Defendant to free copies of all discoverable material in the State's possession. Read together, both Article I, Section 12 of the Utah Constitution and Utah Code section 77–1–6 grant criminal defendants the right to a copy of the "accusation" and state that an "accused person [may not] be compelled to advance money or fees" in order to secure this right. Utah Const. art. I, § 12; *see also* Utah Code Ann. § 77–1–6. However, neither the Utah Constitution nor the Utah Code defines the term accusation. While our case law does not directly deal with challenges to the State's assessment of fees for copies of an accusation, we conclude that the decisions concerning what information comprises a

constitutionally sufficient accusation are dispositive as to which documents Defendant was entitled free of charge.

¶ 9 Defendant argues that documents such as the probable cause statement, officers' reports, and criminal history reports, along with the Information, all form the accusation. We disagree. Defendant's interpretation of what the State is required to provide is inconsistent with Utah case law. The Utah Supreme Court has held that the constitutional obligation of the State is only to provide a criminal defendant with sufficient information such that he knows " 'the nature and cause of the accusation against him.' " *State v. Burnett,* 712 P.2d 260, 262 (Utah 1985) (quoting Utah Const. art. I, § 12). "This entitles the accused to be charged with a specific crime, so that he can know the particulars of the alleged wrongful conduct and can adequately prepare his defense." *Id.* The Utah Supreme Court has specifically held that an Information stating only that the defendants "robbed [the victim]" was constitutionally "sufficient to apprise defendants of the nature and cause of the accusation." *State v. Landrum,* 3 Utah 2d 372, 284 P.2d 693, 694–95 (1955). The supreme court has also held that a constitutionally valid Information may simply place criminal defendants on notice as to when and where the State alleges that the crime took place. *See Fulton,* 742 P.2d at 1214. The amount and type of information that the State must provide in the accusation is therefore minimal.

¶ 10 Utah has never held that witnesses' names and statements, police reports, or a defendant's criminal history are necessary to apprise the defendant of the nature and cause of the accusation. We conclude, under Article I, Section 12 of the Utah Constitution and Utah Code section 77–1–6, that the State must provide criminal defendants with an Information apprising the defendant of the "particulars of the alleged wrongful conduct." *Burnett,* 712 P.2d at 262.[1]   There-

---

1.   Rule 7(e) of the Utah Rules of Criminal Procedure provides further support for the proposition that a defendant is entitled to a free copy of the Information. "The magistrate having jurisdiction over the offense charged shall, upon the defendant's first appearance, inform the defendant[ ] of the charge in the [I]nformation or

indictment and furnish a copy," and inform the defendant "of any affidavit or recorded testimony given in support of the [I]nformation and how to obtain them." Utah R.Crim. P. 7(e)(1)-(2). Although the magistrate has a duty to furnish all defendants with a copy of the Information, Washington County has conceded its willingness

fore, other than the Information, a free copy of which was provided to Defendant, the Utah Constitution does not guarantee criminal defendants free copies of the materials and information sought in Defendant's discovery request.

## II. Disclosure Pursuant to the Rules of Criminal Procedure

■ ¶ 11 Defendant contends that the trial court erred by holding that rule 16 of the Utah Rules of Criminal Procedure does not require the State to provide free copies of discoverable material in its possession. We disagree. Rule 16 governs the duties of both the State and criminal defendants during discovery of criminal matters. *See* Utah R.Crim. P. 16. Rule 16(a) states that "the prosecutor shall disclose to the defense upon request" certain information of which the prosecutor has knowledge, including the materials covered by Defendant's discovery request. Utah R.Crim. P. 16(a). Defendant invites us to adopt a definition of the term disclose that would require the production of free copies of requested discovery, making much ado about the possible synonymity of the verbs produce and disclose. However, because rule 16(e) defines what constitutes proper disclosure under the rules, we do not adopt Defendant's definition of the term disclose. *See* Utah R.Crim. P. 16(e).

■ ¶ 12 Rule 16(e) states that "the prosecutor or defense may make disclosure by notifying the opposing party that material and information may be inspected, tested or copied at specified reasonable times and places." *Id.* To effectuate proper disclosure, rule 16(e) permits the State to make known the existence of all discoverable material, and to make that material available for inspection or copying at reasonable times and places.[2] *See id.* No language in rule 16 leads logically to the conclusion that, as Defendant suggests, the prosecutor must provide criminal

to provide free copies of the Information and probable cause statements to defendants who request them.

2. We note that the Washington County Attorney's Office contends that it maintains an open file policy, and that there is no fee assessed to simply view the file. At oral argument before this court,

defendants with free copies of all discoverable material upon request. Unlike the constitutional and statutory rights discussed above, a defendant's rights to rule 16 discovery material are not protected against his having to pay fees to secure those rights. Therefore, the prosecutor's response to Defendant's discovery request gave Defendant opportunities for effectuating discovery of the sought after material that complied with rule 16(e). The Flat Fee copy service was offered as an alternative to more generic rule 16(e) options, and the trial court did not err in denying Defendant's request for free copies.

## III. Reasonableness of the Fee Schedule

■ ¶ 13 Defendant claims that the fee schedule established by Washington County, specifically the Flat Fee, is unreasonable because it forces Defendant to pay for other defendants' costs or county administrative costs. We disagree. Utah Code section 17–53–211 allows the legislative body of each county to adopt ordinances establishing fees for services provided by county officers, including the county attorney. *See* Utah Code Ann. § 17–53–211 (2005). We grant considerable deference to legislative decisions that establish fees, and a challenger has the burden of showing that the fee is unreasonable. *See V–1 Oil Co. v. Utah State Tax Comm'n*, 942 P.2d 906, 917 (Utah 1996) (holding that the setting of fees is a legislative act to which courts defer and that the challenger has the burden to prove otherwise); *Walker v. Brigham City*, 856 P.2d 347, 349 (Utah 1993) (stating that fees are presumed reasonable, and the burden is on the party challenging the fee to prove unreasonableness).

¶ 14 Defendant's argument fails because it focuses on the possibility of the Flat Fee exceeding the actual costs of copying and does not show that the Washington County Commission's decisions were unreasonable.[3]

the County assured us that it allows criminal defendants and their attorneys to review files in privacy. Though not an issue in this case, we believe that reasonable access must be afforded.

3. Defendant raises a concern that Washington County requires indigent defendants to pay the Flat Fee, which the Washington County Attorney

The possibility that a particular fee may exceed the actual costs of the service provided is, alone, insufficient to persuade this court that the fee is unreasonable. *See V–1 Oil Co.*, 942 P.2d at 917. The Washington County Commission acted within its authority by fixing fees for services provided by the County Attorney, *see* Utah Code Ann. § 17–53–211, and the record does not reflect a showing that the Flat Fee is unreasonable.

## CONCLUSION

¶ 15 Defendant has a constitutional right in the State of Utah to receive a free copy of the nature and cause of the accusation filed against him. The State's obligation was met by providing a copy of the Information. There is no constitutional right to free copies of discoverable material not deemed constitutionally necessary to apprise Defendant of the particulars of the charged acts. Defendant's access to that material is governed by the Utah Rules of Criminal Procedure, which simply require the prosecutor to make the discoverable material available to Defendant at reasonably specified times and places. The rules do not limit Washington County's authority to charge reasonable fees for copies of requested discovery in the case of non-indigent defendants.

¶ 16 The prosecutor provided Defendant with a constitutionally sufficient Information. The prosecutor also granted Defendant access to the requested discovery in a manner consistent with the Utah Rules of Criminal Procedure. The Flat Fee complained of neither infringes on Defendant's constitutional rights nor on his ability to effect proper discovery of material in the State's possession.

¶ 17 For the foregoing reasons, we affirm.

¶ 18 WE CONCUR: CAROLYN B. McHUGH and GREGORY K. ORME, Judges.

___

denies through an affidavit. Because the trial court never found Defendant to be indigent, we need not resolve that question here. We do, however, direct the parties to Part 3 of the Indigent Defense Act, which mandates that for indigent defendants, "each [county] shall provide the investigatory resources necessary for a complete defense." Utah Code Ann. § 77–32–301(3) (2003).